**Lloyd BRULOTTE, an individual, and Melvin J. Newhouse, an individual, Appellants,**

**v.**

**Laurent REGIMBAL, an individual, and Fred Thurmer, an individual, Appellees.**

**No. 20736.**

United States Court of Appeals Ninth Circuit.

Nov. 21, 1966.

Rehearing Denied Jan. 4, 1967.

1. Owsley v. Peyton, 4 Cir., 352 F.2d 804 (1965).

2. Virginia Code of 1950, section 19.1–228; Thomas v. Cunningham, 4 Cir., 313 F.2d 934 (1963).

**1004**

**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

v.

**BRENNAN'S, INC., Respondent.**

**No. 22168.**

United States Court of Appeals
Fifth Circuit.

Nov. 21, 1966.

---

Arlington C. White, Margaret E. White, of White & White, San Francisco, Cal., C. W. Halverson, of Halverson, Applegate, McDonald & Weeks, Yakima, Wash., for appellants.

Gavin, Robinson, Kendrick, Redman & Mays, Yakima, Wash., Seed & Berry, Seattle, Wash., for appellees.

Before MADDEN, Judge of the Court of Claims, and MERRILL and BROWNING, Circuit Judges.

**PER CURIAM:**

In our judgment the court's award of counsel fees for services involved in securing answers to interrogatories was well within the scope of its discretionary authority and did not constitute abuse of discretion. We attach no significance to the fact that the court worded its order in terms of the deposition during the taking of which answers to the interrogatories were refused, nor to the fact that in determining whether the interrogatories should be answered the court examined the incomplete deposition to ascertain the scope of the examination.

Affirmed.